WO
NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tristan Young,<br><br>    Plaintiff,<br><br>v.<br><br>Arizona Summit Law School LLC, et al.,<br><br>    Defendants. | No. CV-16-03490-PHX-DJH<br><br>**ORDER** |

Before this Court is Defendants' Motion to Strike Plaintiff's First Amended Complaint (Doc. 53). Plaintiff has filed a Response (Doc. 58) and Defendants have filed a Reply (Doc. 59). Additionally, the parties have filed a notice of a discovery dispute (Doc. 60) and an "Updated Notice of Discovery Dispute" (Doc. 62).

**I.    BACKGROUND**

Plaintiff, a former Arizona Summit Law School student, initiated this action on October 12, 2016. (Doc. 1). Count Two of the Complaint accused Defendants of negligent misrepresentation and Count Three accused Defendants of common law fraud. (*Id.*, ¶¶ 115-130). In a prior Order, the Court dismissed Counts Two and Three. (Doc. 39). Therefore, the only claim remaining is Count One, in which Plaintiff alleged that Defendants failed to provide appropriate accommodations for her disabilities while she was a student at Arizona Summit Law School. (Doc. 1, ¶¶ 104-114).

On July 23, 2018, the Court issued a Rule 16 Scheduling Order, which provided that "[t]he deadline for joining parties, amending pleadings, and filing supplemental pleadings

is 60 days from the date of this Order." (Doc. 44). Sixty days later, on September 21, 2018, Plaintiff filed her First Amended Complaint ("FAC"), without seeking leave to do so. (Doc. 50).

**II.     MOTION TO STRIKE**

Federal Rule of Civil Procedure ("Rule") 12(f) allows a court to "strike from a pleading" any matter that is "redundant, immaterial, impertinent, or scandalous." *See also* LRCiv. 7.2(m)(1) (a motion to strike may only be filed if "authorized by statute or rule, . . . or if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order."). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). The decision to strike a pleading is ultimately within a trial court's discretion. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). Additionally, the Court possesses inherent power to manage its docket and strike improper filings. *See, e.g.*, *Atchison, Topeka & Santa Fe Ry. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998); *Spurlock v. F.B.I.*, 69 F.3d 1010, 1016 (9th Cir. 1995) (recognizing the district court's inherent power and authority over the administration of its business, to regulate the conduct of litigants who appear before it, and to promulgate and enforce rules for the management of litigation) (collecting cases).

The FAC reasserts Plaintiff's ADA Claim but also makes new allegations on behalf of a putative class. (Doc. 50 at 1, 15-16). Plaintiff argues that the Rule 16 Scheduling Order negates the necessity to seek leave before filing an amended complaint. (Doc. 58 at 2). The Court disagrees. The Rule 16 Scheduling Order set a deadline to file an amended pleading, it did not eliminate Plaintiff's responsibility to comply with the requirements of Rule 15(a)(2) when filing an amended pleading. Rule 15(a)(2) requires that if the party is not amending as a matter of course, then the "party may amend its pleading only with the opposing party's written consent or the court's leave." Here, Plaintiff did not seek leave to file an amended complaint and did not receive Defendants'

written consent; therefore, Plaintiff's FAC was improperly filed and shall be stricken from the record. *See Cwiak v. City of Phoenix,* 2010 WL 1742531, at *2 (D. Ariz. Apr. 29, 2010) (finding that granting a defendant's motion to strike the seconded amended complaint for the plaintiff's failure to seek leave prior to filing the amended pleading is "is clearly warranted under L.R.Civ. 7.2."). If Plaintiff wishes to amend her complaint she must comply with Rule 15.

### III. DISCOVERY DISPUTE

The parties dispute whether Plaintiff's medical records following her withdrawal from Arizona Summit Law School are relevant to her claims of disability discrimination. (Doc. 60). Plaintiff's statement regarding the discovery dispute assumes that the First Amended Complaint (Doc. 50) is the operative complaint; however, as the Court granted Defendants' Motion to Strike the First Amended Complaint previously in this Order, the Court will not issue a ruling on the discovery dispute at this time. The parties are directed to confer regarding the effect of this Court's Order on the present discovery dispute. If the parties are still unable to resolve the discovery dispute, then the parties may refile a notice of discovery dispute in compliance with the Rule 16 Scheduling Order. (Doc. 44 at 4).

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Strike Plaintiff's First Amended Complaint (Doc. 53) is **GRANTED**.

Dated this 22nd day of January, 2019.

Honorable Diane J. Humetewa
United States District Judge