**WO**

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tristan Young, | No. CV-16-03490-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Summit Law School LLC, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 64). Defendants filed a Response (Doc. 67); Plaintiff did not file a Reply, and the time to do so has expired. *See* LRCiv. 7.2(c).[1] Additionally, before the Court is the parties' Notice of Discovery Dispute (Doc 69).

## I. BACKGROUND

Plaintiff, a former Arizona Summit Law School student, initiated this action on October 12, 2016. (Doc. 1). Plaintiff's Complaint contained three counts: Count One accused Defendants of failing to provide appropriate accommodations for her disabilities while she was a student at Arizona Summit Law School, Count Two accused Defendants of negligent misrepresentation, and Count Three accused Defendants of common law fraud. (*Id.* ¶¶ 104-130). Plaintiff's first counsel filed a Motion to Withdraw as Counsel on February 1, 2017 (Doc. 10), which the Court granted on March 1, 2017. (Doc. 18). On

---
[1] Plaintiff's request for oral argument is denied because the parties have had an opportunity to adequately brief the issues and oral argument will not aid the Court's resolution of the motion. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f)

April 17, 2017, Plaintiff notified the Court that she retained new counsel, Mr. David Rosenberg-Wohl and Mr. Patrick Cooper, who remain Plaintiff's counsel to date. (Doc. 28).

On May 31, 2017, Defendants filed a Motion to Dismiss Counts Two and Three of Plaintiff's Complaint. (Doc. 34). The Court granted Defendants' Motion; thus, the only claim remaining is Count One. (Doc. 39). On July 23, 2018, the Court issued a Rule 16 Scheduling Order, which provided that "[t]he deadline for joining parties, amending pleadings, and filing supplemental pleadings is 60 days from the date of this Order." (Doc. 44). Sixty days later, on September 21, 2018, Plaintiff filed her First Amended Complaint, without seeking leave to do so. (Doc. 50). Defendants moved to strike Plaintiff's First Amended Complaint for failure to comply with Federal Rule of Civil Procedure ("Rule") 15. The Court granted Defendants' Motion to Strike. (Doc. 63). On February 6, 2019, Plaintiff filed the instant Motion for Leave to File an Amended Complaint. (Doc. 64). The parties have also filed a Notice of Discovery Dispute, in which Plaintiff requests that all discovery deadlines be extended by one year. (Doc. 69). Defendants argues that "[t]here are no extraordinary circumstances justifying Plaintiff's request for a year extension of discovery deadlines." (*Id.* at 2).

**II. DISCUSSION**

    **A. Plaintiff's Motion for Leave to File Amended Complaint**

In her Motion, Plaintiff provides that "[t]his is Plaintiff's first motion to seek leave to amend her complaint, and it comes **shortly** after she switched attorneys in this matter . . . ." (Doc. 64 at 2). Moreover, Plaintiff provides that her proposed Amended Complaint "reshapes the complaint somewhat (as is to be expected under new attorneys), but it principally seeks to allow plaintiff to assert her claims on behalf of others similarly situated as well as on behalf of herself." (*Id.* at 2). Additionally, Plaintiff states that her request for leave to amend "comes early in the case . . . ." (*Id.* at 5). Defendants argue that the deadline for Plaintiff to amend her complaint passed on September 21, 2018, that Plaintiff switched attorneys in April 2017, and that Plaintiff has failed to demonstrate good

cause for the requested leave to amend. (Doc. 67).

Plaintiff erroneously argues that Rule 15's liberal amendment procedure applies to her Motion. Plaintiff requests leave to amend her Complaint well after the expiration of the Rule 16 Scheduling Order deadline for doing so; thus, Plaintiff must "satisfy the *more stringent* 'good cause' showing required under Rule 16." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 952 (9th Cir. 2006) (emphasis in original); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."). Rule 16(b)(4) expressly states that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a clear abuse of discretion." *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.,* 654 F.3d 975, 984 (9th Cir. 2011), *cert. denied sub nom. C.F. v. Corbett*, 565 U.S. 1200 (2012) (citations and internal quotation marks omitted) (omission in original). Accordingly, the Court will first evaluate Plaintiffs' Motion under Rule 16, and then, if necessary, under Rule 15(a). *See Coleman v. Quaker Oats Co*., 232 F.3d 1271, 1295 (9th Cir. 2000) (finding plaintiffs' failure to show diligence should end the inquiry).

In the context of a request to modify a scheduling order, "good cause" means the scheduling order's deadlines cannot be met despite the party's diligence. *Johnson*, 975 F.2d at 609 (citation omitted). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* "If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citation and internal quotation marks omitted).

Federal courts in Arizona and within the Ninth Circuit "have articulated and undertaken [a] three-step inquiry in resolving the question of diligence in the context of determining good cause under Rule 16[.]" *Morgal v. Maricopa County Bd. of Sup'rs*, 284 F.R.D. 452, 460 (D. Ariz. June 6, 2012) (*quoting Grant v. United States*, 2011 WL 5554878, at *4 (E.D. Cal. Nov. 15, 2011), *adopted by*, 2012 WL 218959, at * 1 (E.D. Cal. Jan. 23, 2012)). Under this three-step inquiry:

> [T]o demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that [she] was diligent in assisting the [c]ourt in creating a workable Rule 16 order; (2) that [her] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [her] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [she] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [she] could not comply with the order.

*Morgal*, 284 F.R.D. at 460 (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal.1999)) (other citations omitted).

Plaintiff argues that the Court should grant leave to Amend her Complaint because there is no prejudice to the Defendants and that she "tried to amend her complaint diligently following the Court's order on Defendant's motion to dismiss dated 6/12/18[.]" (Doc. 64 at 4). Plaintiff's argument misses the point. First, as discussed above, the focus of the Rule 16(b) inquiry is not on the prejudicial effects on the responding party, rather it is on the movant's diligence in seeking leave to amend. Here, the Court finds that this second attempt to amend her complaint does not come "shortly" after Plaintiff switched attorneys in this matter. In fact, Plaintiff's first attempt to file an amended complaint on September 21, 2018—which was filed approximately seventeen months after Plaintiff notified the Court on April 17, 2017, that she had retained her current counsel—could not be accurately described as filed "shortly" after Plaintiff retained new counsel. Thus, the instant Motion, which was filed fifteen days after the Court issued its Order striking Plaintiff's improper amended complaint, was also not made "shortly" after Plaintiff's counsel began representing her in this matter. Moreover, Plaintiff has not provided any evidence of her

diligence in attempting to amend her Complaint.

Additionally, Plaintiff claims that "[s]ubstitution of counsel is reason enough to permit an amendment to allow plaintiff the advocacy she has chosen, even where the amendment introduces class claims." (Doc. 64 at 4). Plaintiff supports this proposition by citing out of circuit, *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008), in which the court, applying the liberal requirements of Rule 15, held that it was not an abuse of discretion for the court to grant a motion to amend a complaint to add class allegations when the plaintiff's first counsel "dropped the ball . . . ." However, the facts of this case are easily distinguishable from *Arreola*. In *Arreola*, shortly after Plaintiff's first counsel withdrew, plaintiff obtained new counsel on March 29, 2005. *Id.* at 793. Within approximately eight months thereafter, plaintiff's new counsel filed a motion for leave to file a second amended complaint, which the court granted, finding that it was understandable that plaintiff's new counsel would need some time "to get up to speed". *Id.* Here, Plaintiff's current counsel waited approximately seventeen months before improperly filing her first amended complaint and Plaintiff does not argue that it took seventeen months "to get up to speed" in this case. Thus, the Court finds Plaintiff's citation to *Arreola* unpersuasive.

Plaintiff also cites to a District of Arizona case in which the court there granted leave to amend a complaint. *See* Order at 1-2, *E.E.O.C. v. Collegeville/Imagineering Ent.*, 2:05-cv-03033-PHX-DGC (D. Ariz. July 13, 2006), ECF No. 34. There, the court stated "that Plaintiff's motion to amend is timely under the Court's Case Management Order (Doc. #20) and leave to amend is to be liberally granted." *Id*. That case is inapposite to the facts here. In this case, Plaintiff' request was <u>not</u> timely under the Scheduling Order; therefore, the leave to amend is not liberally granted. Thus, the Court also finds Plaintiff's citation to *Collegeville/Imagineering Ent.* unpersuasive.

Plaintiff has not provided any evidence of her diligence in attempting to amend her Complaint. Despite Plaintiff's claims that this request "comes early in the case" and "shortly after she switched attorneys in this matter[;]" the record does not so reflect. The

Court finds Plaintiff has not met her burden of showing good cause under Rule 16 and the inquiry will end here. *See Morgal*, 284 F.R.D. at 463.

### B. Parties' Notice of Discovery Dispute

The parties filed a notice of Discovery Dispute on March 5, 2019, in which Plaintiff requests that all discovery deadlines of the Court's Rule 16 Scheduling Order should be extended by one year. (Doc. 69). Defendant opposes this request. (*Id.*) The Court has denied Plaintiff's Motion for Leave to File an Amended Complaint; thus, the Court finds there is not good cause to extend the discovery deadlines.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 64) is **DENIED**; and

**IT IS FURTHER ORDERED** affirming all deadlines contained in the Court's Rule 16 Scheduling Order (Doc. 44).

Dated this 6th day of March, 2019.

Honorable Diane J. Humetewa
United States District Judge